## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRENDA BRANDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

---

### NOTICE OF REMOVAL

---

Defendant Life Insurance Company of North America ("LINA") files this Notice of Removal to this Court an action brought against it and currently pending in the Roane County General Sessions Court, bearing Docket No. 26-cv-1359, and with respect thereto, would show this Court as follows:

I.

The above-styled cause was commenced in the Roane General Sessions Court, State of Tennessee, Case No. 26-cv-1359, by virtue of a Complaint filed by Plaintiff Brenda Brandon on July 8, 2026.

The State of Tennessee Department of Commerce and Insurance ("Department of Insurance") received a copy of Plaintiff's Complaint on or about July 17, 2026, but did not draft a letter to LINA until July 22, 2026. The Department Insurance then waited until July 27, 2026, to incorrectly mail the notice to CT Corporation System. Thereafter, CT Corporation System mailed the notice to LINA.

1

Pursuant to 28 U.S.C. § 1446(a), a copy of the aforementioned Complaint and the Court file, are attached and made a part of this Notice by reference.

II.

Upon information and belief, Plaintiff is a citizen of the State of Tennessee.

III.

The Complaint alleges a claim for the alleged nonpayment of insurance benefits to Plaintiff. Specifically, Complaint alleges breach of contract seeking an order directing Defendant to pay benefits pursuant to Policy # LK-0980261. *See* Complaint.

Although not addressed in the Complaint, the insurance policy is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). *See* Affidavit of Richard Lodi, ¶ 9 attached as **Exhibit A**; s*ee* also copy of the policy attached as **Exhibit B**. The Policy states "This Policy has been issued in conjunction with an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). This Policy is a Plan document within the meaning of ERISA." *See* **Exhibit B**. Accordingly, this action is one of a civil nature for damages claimed as a result of an alleged breach of an ERISA insurance contract. Based on the ERISA nature of the claims alleged by Plaintiff, this Court has original jurisdiction over Plaintiff's action against LINA under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the Plaintiff's claims fall within the scope of 29 U.S.C. § 1132(a)(l)(B), Section 502(a)(1)(B) of ERISA.

Specifically, this is an action for benefits arising under ERISA. 29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the district courts of the United States over claims initiated by plan participants, beneficiaries, or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA. The Complaint asserts Plaintiff's rights to recover

2

benefits under the terms of a plan. *See* Complaint. It is clear that this action arises under federal law, and this Court has original jurisdiction.

Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are completely preempted by ERISA because they come within the scope of Section 1132(a) are removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See, e.g.,* *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Briscoe v. Fine*, 444 F.3d 478, 496-498 (6th Cir. 2006); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). The Supreme Court has emphasized that the "ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 208 (citations omitted). It is well-settled that ERISA's preemption provision is broad, and the Sixth Circuit has noted that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell*, 944 F.2d at 1276 (citations omitted). ERISA has broad preemptive power because Congress' "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.* at 208-209. *Davila* affirms this principle, holding "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209.

To determine whether a claim is completely preempted, the Supreme Court has stated "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." "Whether a duty is 'independent' of an ERISA plan, for purposes of the *Davila* rule, does not depend merely on whether the duty nominally arises from a source other than the plan's terms." *Gardner v. Heartland Indus. Partners LP*, 715 F.3d 609, 613 (6th Cir. 2012).

Complete preemption, however, does not have to be readily apparent on the face of a complaint: "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002). "[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their… claims.'" *Davila*, 542 U.S. 214; *see also Briscoe*, 444 F.3d at 499. Neither "can the mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) put the cause of action outside the scope of the ERISA civil enforcement mechanism." *Davila*, 542 U.S. at 214-215.

Plaintiff's claim is completely preempted because Plaintiff seeks group long term disability insurance benefits under the Policy; the Policy states it is governed by ERISA; Plaintiff could have brought her claim under ERISA § 502(a)(1)(B); and LINA's actions do not implicate any other independent legal duty. The requisite federal question exists, as provided in 28 U.S.C. § 1331.

4

IV.

The time period within which LINA is required to file this Notice of Removal pursuant to 28 U.S.C. § 1446 has not yet expired. LINA first received notice of the action no earlier than July 17, 2026.

V.

LINA files herewith a copy of all process, pleadings, and orders served upon all parties to this action. *See* **Exhibit C.**

VI.

Notice to the Roane County General Sessions Court, which attaches a duplicate of this Notice of Removal to federal court, is being filed with the Clerk of the Roane County General Sessions Court as required by 28 U.S.C. § 1446(d). *See* **Exhibit D.**

VII.

Notice of the filing of this Notice of Removal will be sent to the Plaintiff, the only adverse party, as required by 28 U.S.C. § 1446(d).

The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Tennessee, and, as noted above, this cause of action is removable to the United States District Court for the Eastern District of Tennessee.

WHEREFORE, LINA files this Notice for the purpose of removing this action from the Roane County General Sessions Court to the United States District Court for the Eastern District of Tennessee.

Respectfully submitted,

**SPEARS, MOORE, REBMAN & WILLIAMS, PC**

By:  s/Marcie K. Bradley
Marcie K. Bradley, #028222
601 Market Street, Ste. 400
Chattanooga, TN  37402
(423) 665-9529
(423) 757-0462
sarcher@smrw.com
mbradley@smrw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, a copy of the foregoing Notice of Removal was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

John B. Dupree, Esq.
 616 West Hill Ave. 2nd Floor
Knoxville, TN 37902
865-223-5184
john.dupree@knoxtnlaw.com

**SPEARS, MOORE, REBMAN & WILLIAMS, PC**

By:  s/Marcie K. Bradley
Marcie K. Bradley